## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAITLIN BOYCE, individually and on behalf of all others similarly situated, | CIVIL ACTION NO. |
| Plaintiff, | SECTION: |
| | MAGISTRATE: |
| vs | **JURY TRIAL DEMANDED** |
| NORTHSTAR LOCATION SERVICES, LLC, | |
| Defendant. | |

_____

## CLASS ACTION COMPLAINT

NOW INTO COURT, Plaintiff, CAITLIN BOYCE (hereinafter referred to as "PLAINTIFF") by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against the above-named defendant and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1. PLAINTIFF brings this action on her own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from Northstar Location Services, LLC's ("DEFENDANT") violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to the FDCPA, 15 U.S.C. § 1692 *et seq.*, and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because PLAINTIFF and DEFENDANT reside and/or do business in the Eastern District of Louisiana. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the Eastern District of Louisiana.

## PARTIES

4. PLAINTIFF is a natural person residing in New Orleans, Louisiana.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7. DEFENDANT is a Louisiana business corporation with a principal place of business in Buffalo, New York.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. In October, 2016, DEFENDANT placed a phone call to PLAINTIFF's father in an attempt to collect debt owed by PLAINTIFF.

11. DEFENDANT disclosed information about this debt to PLAINTIFF's father by leaving an automated voice mail message on his cell phone claiming that the message was intended for PLAINTIFF, that it was a communication from a debt collector, and that it was an attempt to collect a debt.

12. When PLAINTIFF's father called the number back, DEFENDANT admitted that it was looking for PLAINTIFF in regard to her debt.

13. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members are entitled to statutory damages and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein. PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## CLASS ALLEGATIONS

14. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 13 inclusive, above.

15. These claims for relief are brought by PLAINTIFF individually and on behalf of the following class:

   a. A class of consumers, who:
      i. Reside in Louisiana; and
      ii. Within one year prior to the filing of this action;
      iii. Have had information regarding their debt disclosed to an unauthorized third party by DEFENDANT;
      iv. Where the third party was not an enumerated exception as listed in 15 U.S.C § 1692c(b).

16. PLAINTIFF does not know the exact size or identity of the class, as DEFENDANT maintains exclusive control of such information. PLAINTIFF believes that the class includes between 1,000 and 5,000 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed class is so numerous that joinder of all

members is impracticable.

17. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

    a. Whether DEFENDANT violated 15 U.S.C. § 1692c(b) by disclosing information about PLAINTIFF's debt to a third party;

    b. The identities of consumers who also had their debt disclosed to unauthorized third parties by DEFENDANT; and

    c. The total number of collection attempts that DEFENDANT made on consumers which violated the above subsections.

18. PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members. PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

19. Upon information and belief, DEFENDANT has a practice and policy of disclosing information about debts to unauthorized third parties in an attempt to flush out the consumer.

20. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Keren E. Gesund, also has extensive experience in prosecuting FDCPA class actions.

21. PLAINTIFF is committed to vigorously pursuing her claims.

22. A class action regarding the issues in this case does not create any problems of manageability.

23. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

24. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692c(b)**
**BROUGHT BY PLAINTIFF INDIVIDUALLY**
**AND ON BEHALF OF THE CLASS**

25. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 24 inclusive, above.

26. The FDCPA provides the following:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

27. In October, 2016, DEFENDANT placed a phone call to PLAINTIFF's father in an attempt to collect debt owed by PLAINTIFF.

28. DEFENDANT disclosed information about this debt to PLAINTIFF's father by leaving an automated voice mail message on his cell phone claiming that the message was intended for PLAINTIFF, that it was a communication from a debt collector, and that it was an attempt to collect a debt.

29. When PLAINTIFF's father called the number back, DEFENDANT admitted that it was looking for PLAINTIFF in regard to a debt.

30. By communicating with PLAINTIFF's father regarding this debt without PLAINTIFF's authorization to do so, DEFENDANT violated 15 U.S.C. § 1692c(b).

31. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF has suffered actual damages to be shown specifically at the time of trial, and is entitled to an award of statutory damages.

32. It has been necessary for PLAINTIFF, on behalf of herself and those similarly situated to obtain the services of an attorney to pursue this claim and are entitled to recovery reasonable attorneys' fees therefor.

33. As a result of DEFENDANT's actions, PLAINTIFF suffered the actual concrete injury of the invasion of her legally protected interest to maintain certain confidentiality regarding her debt.

34. Based on this concrete injury, PLAINTIFF has standing under Article III of the U.S. Constitution.

**DEMAND FOR JURY TRIAL**

35. Please take notice that PLAINTIFF demands trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief

in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(5) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6) For any and all other relief this Court may deem appropriate.

DATED this 14th day of November 2016.

**GESUND AND PAILET, LLC**

*/s/ Keren E. Gesund, Esq.*
Keren E. Gesund, Esq.
Louisiana Bar No. 34397
3421 N. Causeway Blvd., Suite 805
Metairie, LA  70002
Tel: (504) 836-2888
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*